AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

United States of America
v.
Antonia-Beatrice Mircea

*Defendant(s)*

Case No. 26-mj-4021

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of Sep. 2024 thr. Dec. 2025 in the county of Burlington, Atlantic in the District of New Jersey, the defendant(s) violated:

| *Code Section* | *Description of Offenses* |
|---|---|
| 18 USC 371 | Conspiracy |
| 18 USC 1001, 2 | False Statements |
| 8 USC 1325(c) | Marriage Fraud |
| | See Attachment A |

This criminal complaint is based on these facts:

See Attachment B.

☑ Continued on the attached sheet.

Michael Delaney
*Complainant's signature*

SA Michael Delaney, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone *(specify reliable electronic means).*

Date: 05/18/2026

[signature]
*Judge's signature*

City and state: Camden, New Jersey

Hon. Matthew J. Skahill, USMJ
*Printed name and title*

# CONTENTS APPROVED

# UNITED STATES ATTORNEY

Joseph McFarlane

By:______________________________
JOSEPH MCFARLANE
Assistant U.S. Attorney

Date: May 14, 2026

**Attachment A**

Count One

Conspiracy to Commit Marriage Fraud

1. Beginning no later than in or around September 2024 and continuing through December 2025, in Burlington County and Atlantic County, in the District of New Jersey, the defendant,

ANOTNIA-BEATRICE MIRCEA,

did knowingly and willfully conspire, combine, confederate, and agree with Victor Purilla, who is charged elsewhere, and other persons known and unknown, to commit an offense against the United States, specifically engaging in marriage fraud in violation of 8 U.S.C. § 1325(c).

Object of the Conspiracy:

2. It was the object of the conspiracy that Victor Purilla and defendant Antonia-Beatrice Mircea entered into a marriage for the purpose of fraudulently obtaining citizenship for Antonia-Beatrice Mirea.

Overt Acts

3. In furtherance of the conspiracy and to effect the object, the following overt acts were committed in the District of New Jersey and elsewhere:

a. In September 2024, Purilla and Mircea were married in Atlantic City, New Jersey.

b. In June 2025, Mircea and Purilla entered into a lease for an apartment on Boardwalk in Atlantic City.

c. In August 2025, Purilla submitted a Form I-130, Petition for Alien Relative, to USCIS seeking to obtain citizenship for Mircea based on their marriage. On the Form I-130, Purilla stated, among other things, that Purilla and Mircea lived together at the apartment at Boardwalk, Atlantic City, New Jersey.

d. In connection with Purilla's Form I-130, Mircea submitted a Form I-485, Application to Register Permanent Residence or Adjust Status. On the Form I-485, Mircea stated, among other things, that Purilla and Mircea lived together at the apartment at Boardwalk, Atlantic City, New Jersey.

In violation of Title 18, United States Code, Section 371.

Count Two

(False Statements)

In or about August 2025, in Burlington County and Atlantic County, in the District of New Jersey, and elsewhere, in a matter within the jurisdiction of the United States Citizenship and Immigration Services, an agency and department of the United States government, the defendant,

ANTONIA-BEATRICE MIRCEA,

did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations, and aided and abetted the making of materially false, fictitious and fraudulent statements and representations, on a United States Citizenship and Immigration Services Form I-485, including that her husband, Victor Purilla, lived with her at an address in Atlantic City, New Jersey.

In violation of Title 18, United States Code, Sections 1001 and 2.

Count Three

(Marriage Fraud)

On or about September 25, 2024, in Atlantic County, in the District of New Jersey, the defendant,

ANTONIA-BEATRICE MIRCEA,

an alien in the United States, did knowingly enter into marriage with Victor Purilla, a United States citizen, for the purpose of evading a provision of the immigration laws of the United States.

In violation of Title 8, United States Code, Section 1325(c).

## Attachment B

I, Michael Delaney, a Special Agent with the Federal Bureau of Investigation (FBI), have knowledge of the following facts based on my own investigation and upon conversations with other individuals involved in this investigation. I have not included all of the facts known to me in this affidavit, just those facts which I believe necessary to establish probable cause. Where I assert that an event occurred on a particular date, I am asserting the event occurred on or about the date alleged. Where the contents of statements and conversations of others are set forth in this Affidavit, they are set forth in substance and in part, except where otherwise indicated:

### Background of Alien's Ability to Adjust Status Based on Marriage to a United States Citizen

1. The Immigration and Nationality Act (INA) governs the immigration laws of the United States.

2. Pursuant to the INA, an alien (a person not a citizen or national of the United States) is not permitted to permanently reside in the United States unless they are a lawful permanent resident.

3. Under the INA, an alien who is married to a United States citizen can obtain lawful permanent resident status in the United States if the marriage was entered into, in good faith; and the United States citizen did not enter into the marriage in exchange for something of value, such as money; and the United States citizen did not enter into the marriage for the purpose of enabling the alien to obtain legal permanent resident status in the United States.

4. The United States Citizenship and Immigration Services (USCIS) is an agency of the United States Department of Homeland Security and is charged with processing applications for immigration benefits such as lawful permanent residence.

5. An alien who is seeking to become a lawful permanent resident of the United States, on the basis of marriage to a United States citizen, is required to complete and submit to the USCIS an Application to Register Permanent Residence or Adjust Status (Form I-485). The alien is required to sign the Form I-485 certifying, under penalty of perjury, that the information provided by the alien, including information about the alien's spouse, is true and correct and that the alien is admissible to the United States pursuant to the INA.

6. In order for an alien to obtain permanent resident status on the basis of marriage to a United States citizen, the United States citizen spouse is required to file a Petition for Alien Relative (Form I-130) on behalf of the alien. In the Form I-130, the spouse is required to certify that he or she is in fact a United States citizen, to provide certain background information about the marriage (such as the location of the marital residence) and to certify that the marriage was not entered into for purposes of evading immigration laws. Additionally, certain supporting documentation is also required to be submitted contemporaneously with the Form I-130, to include, but not limited to, a copy of the marriage certificate.

7. As part of the official proceeding, the USCIS conducts interviews with the alien and the United States citizen spouse in order to determine the validity of the claimed marriage.

8. If an alien's application is approved by the USCIS, the alien is accorded "conditional" lawful permanent resident status for a period of two years. Generally, within 90 days of the two-year anniversary of the issuance of conditional

lawful permanent residence, the alien and United States citizen file a Petition to Remove Conditions on Residence (Form I-751) with the USCIS to remove the conditional status of the alien. The alien and the United States citizen must establish that the marriage was entered into in good faith. A marital interview is conducted at USCIS's discretion.

9. If and when the Form I-751 is approved, the conditions of alien's residence are removed, resulting in unconditional lawful permanent residence status. This status authorizes the alien to permanently reside and lawfully work in the United States.

10. Aliens who have been lawful permanent residents for at least three years and who are married to, and living with, the same United States citizen spouse are eligible to apply for United States citizenship through the naturalization process by completing and filing an Application for Naturalization (Form N-400) with USCIS. Aliens who are not still married with the same United States citizen spouse must wait five years to be eligible to apply for United States Citizenship.

Current Investigation

11. Victor Purilla is a United States citizen. Antonia-Beatrice Mircea is a national of Romania and therefore an alien in the United States.

12. In 2014, Purilla married a Bulgarian national who later obtained U.S. citizenship based on the marriage. They divorced in 2019.

13. In September 2024, Purilla and Mircea were married in Atlantic City, New Jersey.

14. In September 2024, when Mircea and Purilla were married, Mircea was renting an apartment in Atlantic City. Mircea told her landlord that she had married and asked if Purilla could be added to the lease. Mircea told the landlord that Purilla would *not* be moving into the apartment. The landlord declined to add Purilla to the lease and Mircea chose to move to a new residence.

15. In June 2025, Mircea and Purilla entered into a lease for an apartment on Boardwalk in Atlantic City. Law enforcement obtained records from that apartment building that show both Mircea and Purilla received electronic fobs that are used to enter the apartment building. The records show that Purilla only used his fob at the apartment building eight times between June 2025 and March 2026.

16. In August 2025, Purilla submitted a Form I-130, Petition for Alien Relative, to USCIS seeking to obtain citizenship for Mircea based on their marriage. On the Form I-130, Purilla stated, among other things, that Purilla and Mircea lived together at the apartment at Boardwalk, Atlantic City, New Jersey.

17. In connection with Purilla's Form I-130, Mircea submitted a Form I-485, Application to Register Permanent Residence or Adjust Status. On the Form I-485, Mircea stated, among other things, that Purilla and Mircea lived together at the apartment at Boardwalk, Atlantic City, New Jersey.

18. Law enforcement officers have conducted surveillance, reviewed license plate reader data, and obtained pole camera footage of the residence of Purilla's parents in Absecon, New Jersey. A review of the surveillance (in-person, video, and license plate reader data) shows that Purilla's car was located in the

vicinity of his parents' house in Absecon overnight on most nights between September 24, 2025 and November 20, 2025.

19. In December 2025, a USCIS officer conducted interviews of both Purilla and Mircea in connection with Mircea's application for citizenship. During the interview with the USCIS officer, which was under oath, Purilla and Mircea confirmed that they live together in the apartment at Boardwalk. However, the USCIS officer found that Purilla and Mircea provided discrepant answers regarding the following topics:

a. Stops made while travelling to the interview;

b. Their first meeting;

c. Their second meeting;

d. Mircea's previous employer;

e. Their first date;

f. Moving in together;

g. Moving Mircea's belongings into the apartment;

h. The frequency of Purilla's visits to his parents' house;

i. Their joint bank account; and

j. Purilla's personal bank accounts.

20. In addition, the Government obtained location data for Purilla's phone for the time period September 2, 2024 through May 6, 2026. The location data showed that Purilla's phone was primarily located in Absecon and not in Atlantic City where Mircea lived.

*Michael Delaney*

MICHAEL DELANEY
Special Agent, FBI

Pursuant to Fed. R. Crim. P. 4.1, Special Agent Delaney was sworn and attested to the contents of this affidavit in support of the complaint and arrest warrant.

[signature]

HON. MATTHEW J. SKAHILL
United States Magistrate Judge

Date: May 18, 2026